IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HOWARD SCOTT McCARDLE ,**       **CASE NO. 2:10-cv-00726**
                                  **JUDGE WATSON**
    **Petitioner,**

**v.**

**WARDEN, LONDON CORRECTIONAL INSTITUTION,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court to conduct an initial screening as required by Rule 4 of the Rules Governing Section 2254 Actions in the United States District Courts.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## FACTS and PROCEDURAL HISTORY

According to the petition, petitioner was convicted of multiple offenses in the Franklin County Court of Common Pleas in 1983.  He was given a life sentence.  However, he was to be eligible for parole after fifteen years.

Petitioner had his first parole hearing in 1992.  At that time, he was continued in custody for another five years.  He appeared before the parole board again in 1997, in 2002, and in 2007, the last of which was for a special hearing.  In both 2002 and 2007, the Ohio Adult Parole authority continued him in custody pending another parole hearing in 2012. Petitioner contends that because he has served his minimum sentence, and because some

of the denials of parole were based on statutes or regulations that were not in existence at the time of his original conviction, the failure to grant him parole violates the Ex Post Facto clause, the Due Process Clause, and the Double Jeopardy clause of the United States Constitution. In his petition, he asks not only for his immediate release, but for compensatory damages in the amount of twelve million dollars.

## EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir.1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

Petitioner has filed two actions concerning his continued incarceration. First, he filed a petition for a writ of habeas corpus with the Franklin County Court of Appeals. Because, at that time, he was not in custody in Franklin County, the court denied the

petition on grounds that it had no power to grant it. *See State ex rel. McCardle v. Hageman*, 2007 WL 1847701 (Franklin Co. App. June 28, 2007). Second, in July, 2009, he filed a motion in the Franklin County Court of Common Pleas for shock probation. His motion was denied, and that denial was affirmed on March 2, 2010. *See State v. McCardle*, 2010 WL 705406 (Franklin Co. App. March 2, 2010). It does not appear he has attempted to challenge the denial of parole in any other state court proceedings.

This Court has consistently held that, in order properly to challenge a denial of parole in Ohio (and thus to exhaust available state court remedies), a petitioner must file a petition for a writ of mandamus in state court alleging that he or she was improperly denied parole. *See, e.g., Smith v. Lazaroff*, 2006 WL 689062 (S.D. Ohio March 14, 2006), *citing Hattie v. Anderson*, 68 Ohio St. 3d 232, 234 (1993); *Williams v. Perini*, 557 F.2d 1221, 1223 (6th Cir. 1977). Here, petitioner has not only not filed a mandamus petition in the state courts, the only action which he filed directly challenging the denial of parole was filed in a court without the power to grant him any relief. Further, it does not appear that he has ever presented this issue to Ohio's highest court, either by way of an original action or through appeal. Under these circumstances, he has not exhausted his state court remedies, and this case must be dismissed for that reason.

The Court notes, in addition, that although petitioner asserts that there is no statute of limitations applicable to cases in which a prisoner challenges the denial of parole, many courts have held that the one-year statute of limitations contained in 28 U.S.C. §2244(d) begins to run on the date that the parole decision at issue was made. *See Day v. Hall,* 528

F.3d 1315 (11th Cir. 2008). That date was well more than one year prior to the filing of this petition, so that it would also appeared to be time-barred.

## CLAIM FOR DAMAGES

Petitioner has also asserted a claim for damages. Damages are not available in an action in habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Further, an inmate may not seek relief under 42 U.S.C. §1983 for unlawful incarceration unless and until a state or federal court independently determines that the imprisonment is, in fact, unlawful. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Finally, there is a two-year statute of limitations for bringing claims under §1983, *see Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). The last denial of parole in this case occurred more than two years before this action was filed. For all of these reasons, the Court will neither address the claim for compensatory damages in the context of this habeas corpus case, nor sever the claim for purposes of allowing petitioner to pursue it in an action under 42 U.S.C. §1983.

## RECOMMENDED DISPOSITION

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make

a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                   /s/ Terence P. Kemp
                                          United States Magistrate Judge