IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Howard Scott McCardle,**

      **Petitioner,**

v.                                             **Case No. 2:10–cv–726**

**Warden, London Correctional**             **Judge Michael H. Watson**
**Institution,**

      **Respondent.**

## OPINION AND ORDER

Howard Scott McCardle, a state prisoner who is serving a lengthy prison sentence, filed a petition in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge conducted an initial screening of the petition and recommended that the case be dismissed. Petitioner has filed objections to that recommendation. For the following reasons, and after a *de novo* review of the objections, the Court will adopt the recommendation and dismiss the case.

## BACKGROUND

According to a judgment entry attached to petitioner's objections, on June 21, 1983, petitioner was sentenced in the Franklin County Court of Common Pleas after pleading guilty to multiple counts of rape, attempted rape, and aggravated burglary. He was given a sentence of seven to twenty-five years on eleven counts of conviction, and five to fifteen years on a twelfth count, all of which were to run consecutively. His cumulative sentence was 82 to 290 years.  In his petition, petitioner does not raise any issues about the validity of either his conviction or his sentence.

Petitioner had his first parole hearing in 1992.  At that time, he was continued in custody for another five years.  He appeared before the parole board again in 1997, in 2002, and in 2007, the last of which was for a special hearing.  His next scheduled parole hearing is in 2012.

In his petition, petitioner argued that because he has served his minimum sentence, and because some of the denials of parole were based on statutes or regulations that were not in existence at the time of his original conviction, the failure to grant him parole violates the Ex Post Facto clause, the Due Process clause, and the Double Jeopardy clause of the United States Constitution.  He has asked the Court not only to order his release from prison, but to award him compensatory damages in the amount of twelve million dollars.

## THE REPORT AND RECOMMENDATION

The Report and Recommendation, citing to *Castille v. Peoples*, 489 U.S. 346, 349 (1989), *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993), and  28 U.S.C. § 2254(b), (c), first concluded that petitioner had not exhausted his state remedies concerning the denial of parole.  The Magistrate Judge noted that petitioner had attempted to raise issues with the state courts by, first, filing a petition for a writ of habeas corpus with the Franklin County Court of Appeals and a motion for shock probation with the Franklin County Court of Common Pleas.  Petitioner's habeas corpus petition was denied because he was not in custody in Franklin County.  *See State ex rel. McCardle v. Hageman*, 2007 WL 1847701 (Franklin Co. App. June 28, 2007).  His motion for shock probation was denied by the Common Pleas Court, and that denial

2

was affirmed on March 2, 2010.  *See State v. McCardle*, 2010 WL 705406 (Franklin Co.

App. March 2, 2010).  It does not appear he has attempted to challenge the denial of

parole in any other state court proceedings.  The Magistrate Judge ruled that neither of

these actions was sufficient to exhaust petitioner's state court remedies, and in neither

case did petitioner file any appeal to the Supreme Court of Ohio.  The Report and

Recommendation also recommended dismissal of petitioner's claim for damages.

## THE OBJECTIONS

In his objections, petitioner claims that he is not actually challenging the denial of

parole by a parole board.  If he were doing so, as the Report and Recommendation

points out,

> [t]his Court has consistently held that, in order properly to challenge a denial
> of parole in Ohio (and thus to exhaust available state court remedies), a
> petitioner must file a petition for a writ of mandamus in state court alleging
> that he or she was improperly denied parole.  *See, e.g., Smith v. Lazaroff*,
> 2006 WL 689062 (S.D. Ohio March 14, 2006), *citing Hattie v. Anderson*, 68
> Ohio St. 3d 232, 234 (1993); *Williams v. Perini*, 557 F.2d 1221, 1223 (6th
> Cir. 1977).

Report and Recommendation, at 3.   Rather, petitioner contends that under Ohio law, if

consecutive sentences run in the aggregate more than fifteen years, the prison term is

capped at fifteen years.  Because he has served more time than that, petitioner claims

he has exceeded his maximum sentence.

In support of this claim, petitioner relies on Ohio Revised Code § 2929.41(E)(2).

Petitioner, however, has misread that statute.  As it read at the time he was sentenced,

§ 2929.41(E)(2) stated that consecutive terms of imprisonment could not exceed "[a]n

aggregate minimum term of fifteen years . . . when the consecutive terms imposed are

3

for felonies other than aggravated murder or murder . . . ." The aggregate minimum term imposed in this case was 82 years, but he was considered for parole (and thus deemed to have served his minimum sentence) in 1992. That is so because regardless of the actual minimum sentence imposed, § 2929.41(E)(2) operated to "automatically limit [the] aggregate minimum sentence to 15 years." *State v. Scott*, 2003 WL 21545983, *2 (Franklin Co. App. July 10, 2003). Petitioner has been parole-eligible ever since. Petitioner seems to be arguing that this statute also set a maximum term of fifteen years for consecutive sentences, but it does no such thing. His maximum sentence was and is 290 years, and there is no Ohio statute—let alone any federal constitutional provision—requiring that he be released at any time prior to that. *See, e.g., State ex rel. Lanham v. Ohio Adult Parole Auth.*, 80 Oho St. 3d 425, 427 (1997) (holding that there is no duty on the part of the parole board to release a prisoner prior to the expiration of his maximum sentence).

Further, if petitioner's claim is that he has served the maximum sentence allowed under state law, he has a state remedy for that claim. In Ohio, "habeas corpus is available where an individual's maximum sentence has expired and he is being held unlawfully." *Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St. 3d 344, 346 (1994). Although petitioner did file a habeas corpus action, he filed it in the wrong Ohio court, and in any event did not pursue an appeal of its dismissal to the Ohio Supreme Court, which is required for exhaustion purposes. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). Thus, he must pursue that remedy before this Court may even consider the merits of his claim.

4

Petitioner has not specifically objected to the recommendation that his claim for damages be dismissed. The Court need not address issues addressed in a Magistrate Judge's Report and Recommendation if no specific objection to those issues has been raised. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). In any event, the analysis of this issue appears to be correct so that any objection would have been unavailing.

### ORDER

For all of the reasons cited above, the Court **OVERRULES** petitioner's objections to the Magistrate Judge's Report and Recommendation and **ADOPTS** that Report and Recommendation in its entirety. This case is hereby **DISMISSED.**

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**